UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

UNITED STATES OF AMERICA

    -against-

OLALEKAN KAFFO,

               Defendant.
------------------------------------------------------------------ X

11-CR-146 (ARR)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

By opinion and order dated April 11, 2011, this court denied in substantial part defendant's motion to suppress statements that he had made to Customs and Border Protection officers at John F. Kennedy International Airport on February 7, 2011. Following a suppression hearing, the court concluded that Miranda warnings were not required because the officers' purpose in questioning defendant was to determine his admissibility into the United States, not to gather evidence for a future criminal investigation. In so holding, the court followed United States v. Silva, 715 F.2d 43, 46-47 (2d Cir. 1983), and United States v. FNU LNU, 261 F.R.D. 1, 3 (E.D.N.Y. 2009).

On August 9, 2011, the Second Circuit affirmed FNU LNU but rejected its analysis. No. 10-419-cr (2d Cir. Aug. 9, 2011). The court of appeals held that Silva had been abrogated by Berkemer v. McCarty, 468 U.S. 420 (1984), and Stansbury v. California, 511 U.S. 318 (1994), to the extent that an interviewing officer's subjective intentions should not be considered in the Miranda analysis. The court explained, however, that Silva continues to guide the proper, objective inquiry of whether a defendant is in "custody" during questioning at a border crossing because "the content of the officer's questions substantially inform[s] whether a reasonable

person would feel restrained in a way similar to a formal arrest. Indeed, in many such cases, the fact that the questions asked fall within the range of inquiries one expects will, by itself, be enough to assure a reasonable person that he or she is not under arrest." FNU LNU, Slip Op. at 15-16. Considerations of the interrogation's duration, its location, whether restraints are used, whether weapons are present, and whether the subject is told that he or she is free to go also inform the custody analysis. Id. at 14, 17.

In its prior decision on defendant's suppression motion, this court made findings of fact that the contested border interview lasted 25–30 minutes and took place in a room of a little more than 100 square feet with a desk, computer station, and chairs, the door to which was kept open during the interview. Defendant was neither handcuffed nor threatened, and he was provided with hot food and a beverage prior to the interview. For these reasons, in addition to the routine nature of the officers' admissibility questions, the court finds that defendant was not in custody when he made the statements that he later sought to suppress. Therefore, the court adheres to prior decision.

SO ORDERED.

/s/(ARR)

_____
Allyne R. Ross
United States District Judge

Dated: August 10, 2011
Brooklyn, New York